WERDEGAR, J., Dissenting.
I respectfully dissent. The unambiguous language of Penal Code section 266i, subdivision (a)(2) precludes the application of that particular subdivision to those, like the undercover police officer here, whom the defendant believes already to be a prostitute. One simply cannot “become” what one already is, and if, as the majority holds, the statute requires the specific intent “to persuade or otherwise influence the target ‘to become a prostitute’ ” (maj. opn., ante, at p. 980), defendant cannot be convicted under this subdivision for attempting to recruit into his service a woman the evidence showed he believed already to be engaged in the business of prostitution.
This is not to say the majority is necessarily wrong about the legislative intent behind the statute. As the majority observes (maj. opn., ante, at pp. 977-978), the antipandering provisions of Penal Code section 266i, subdivision (a) cover a broad range of conduct, including much that ordinarily would involve persons already working as prostitutes. (See id., subd. (a)(1) [procuring a person for prostitution], (4) [persuading a person to remain an inmate of a house of prostitution], (5) [procuring a person for prostitution or inducing a person to travel for that purpose, by fraud or duress], (6) [giving or taking payment for procuring].) Reading the statute as a whole, the legislative concern clearly extends to the promotion of the prostitution business generally and is not limited to schemes that induce new people to join that business.
In subdivision (a)(2) of Penal Code section 266i, however, the Legislature used clear and unambiguous language that does not extend as far as its evident intent in the pandering statute as a whole, but rather is restricted to those who are not, and are not believed by the defendant to be, already regularly engaged in prostitution. “But when, as here, the statutory language is clear and unambiguous, to [construe the language according to an intent it does not express] is to assert, in effect, that the language can be" corrected on the ground it resulted from a drafting error. Courts should use this power to rewrite statutes ‘with great restraint,’ only where ‘the error is clear and correction will best cany out the intent of the Legislature.’ (Bonner v. County of San Diego (2006) 139 Cal.App.4th 1336, 1346, fn. 9 [44 Cal.Rptr.3d 116].) In the present case, I cannot be sure the language of [Penal Code section 266i, subdivision (a)(2)] resulted from a drafting error. While the language is *988 [arguably] contrary to the overall purposes of the [pandering statute], its inclusion may have been the product of conceptual confusion or failure to fully consider the problem rather than an error in the drafting process itself.” (Miklosy v. Regents of University of California (2008) 44 Cal.4th 876, 905 [80 Cal.Rptr.3d 690, 188 P.3d 629] (conc. opn. of Werdegar, J.).) In construing criminal statutes, especially, we should be cautious about crossing the line between interpretation and revision. Whether to broaden criminal prohibitions beyond their existing statutory limits “is a legislative call, not a judicial one.” (People v. Wagner (2009) 170 Cal.App.4th 499, 510 [87 Cal.Rptr.3d 881].)
I agree with the unanimous court in People v. Wagner, supra, 170 Cal.App.4th 499, that the unambiguous language of Penal Code section 266i, subdivision (a)(2) restricts its application to targets who are not already working as prostitutes. I would leave it to the Legislature to correct what may well have been an unintentional limitation on the scope of a criminal prohibition.